**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| FREDDY DELOS SANTOS, | : | **HON. NOEL L. HILLMAN** |
|  | : |  |
| Petitioner, | : | Civil No. 09-1285 (NLH) |
|  | : |  |
| v. | : |  |
|  | : |  |
| J. GRONDOLSKY, | : | **OPINION** |
|  | : |  |
| Respondent. | : |  |

**APPEARANCES**:

    FREDDY DELOS SANTOS, #38509-054
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey 08640
    Petitioner Pro Se

**HILLMAN, District Judge**

    Freddy DeLos Santos, an inmate currently confined at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the loss of good conduct time as a disciplinary sanction.  This Court will grant in forma pauperis status and summarily dismiss the Petition without prejudice because it appears from the face of the Petition and attachments that Petitioner procedurally defaulted relief available under the Bureau of Prisons' ("BOP") Administrative Remedy Program.  See 28 U.S.C. § 2243; 28 U.S.C. § 2254 Rule 4, applicable to § 2241 cases through Rule 1(b).

## I.  BACKGROUND

Petitioner challenges the loss of 14 days good conduct time imposed as a disciplinary sanction in May 1998 while he was confined at FCI Otisville as a pretrial detainee.  Petitioner asserts:

> While the petitioner was being held in pretrial detention at F.C.I. Otisville, under the jurisdiction of the United States Marshal's Service, the Bureau of Prisons took 14 days good time credit from the petitioner and $262.55 for payment of a window that was accidentally broken by the petitioner in May of 1998.  The Bureau of Prisons denied the petitioner his jail administrative remedy pursuant to this matter, where the filing of his administrative remedy was untimely because of the staff actions, where the petitioner was denied an interpreter to inform him of the rules, procedures and schedules, concerning the operations of the institution.  The petitioner did not learn until 2 years later that 14 days of good time was taken from him, which denied him due process.

(Pet., attachment, Statement of Facts; Docket entry #1-2, p. 2.)

The Petition challenges the loss of good conduct time on two grounds:

> Ground One: WHETHER THE B.O.P. TOOK 14 DAYS GOOD TIME CREDIT FROM THE PETITIONER ILLEGALLY, WHERE THE PETITIONER PAID $262.55 FOR THE WINDOW THAT HE BROKE IN MAY 1998 ACCIDENTALLY, WHICH WAS IN VIOLATION OF HIS RIGHT TO THE EIGHTH AMENDMENT.
>
> Supporting Facts: The attached BP-8 and the denial of the petitioner's right to his jail administrative remed(ies) support the violations of his right to the eighth amendment to the U.S. Constitution, where he

>was illegally sanctioned for a window that he accidentally broke, where 14 days of good time credit was taken, where he paid $262.55 for his mistake.
>
>Ground Two: WHETHER THE B.O.P. VIOLATED THE PETITIONER'S DUE PROCESS RIGHTS, WHEN HE WAS DENIED HIS JAIL ADMINISTRATIVE REMEDY TO INFORM THE WARDEN, REGIONAL DIRECTOR, AND GENERAL COUNSEL THAT 14 DAYS G.T.C. WAS TAKEN FROM HIM, WHICH DENIES HIM ACCESS TO THE COURT.
>
>Supporting Facts: The attached rejection notices for the petitioner's jail administrative remed(ies) verify that the petitioner is being denied his right to due process of law and his right to access to the court.

(Pet. ¶ 10a, 10b.)

Attached to the Petition are copies of Petitioner's administrative remedy requests, appeals and the BOP's decisions. On September 19, 2008, Petitioner submitted a BP-8 Informal Resolution Form in which he complains that "[t]he BOP took 14 days GCT and $262.55 from me for a broken window in May 1998, when I was on a pretrial status under the jurisdiction of the United States Marshal Service in violation of § 551.6(b) 28 CFR, P.S. 551.116(b)(1)( & (2)."  (Docket entry #1-2, p. 5.)  The response from the Unit Manager states: "Pretrial inmates are still required to abide by the BOP rules on inmate discipline and are subject to sanctions consistent with those rules."  (Id.)

On September 30, 2008, Petitioner submitted a BP-9 Request for Administrative Remedy stating:

3

> The informal resolution attempts to have the BOP credit me with 14 days Good Credit Time (GCT) and $262.55, taken from me as a pretrial inmate in May 1998 has failed. First and foremost, I was not given an orientation or BOP Rule Book on admission in the institution the incident occurred. Further, Program Statement (P.S.) 556.116 provides . . . When a pretrial inmate violates any Bureau rules . . . USPO assigned to prepare the PSR must be advised . . . . I am requesting the 14 days and $262.55 be credited back to me because of the due process violation by the BOP.  The broken window was an accident that does not call for such imposed sanctions.

(Docket entry #1-2, p. 6.)

On October 1, 2008, the Administrative Remedy Coordinator at FCI Fort Dix rejected the BP-9, interpreting it as a disciplinary hearing appeal: "You submitted your . . . appeal to the wrong level . . ."  (<u>Id.</u> p. 9.)

On October 5, 2008, Petitioner appealed to the Northeast Regional Office of the BOP.  (Docket entry #1-2, p. 7.)  The Administrative Remedy Coordinator rejected the appeal on November 14, 2008, for the following reasons:

> 1.   Your appeal is untimely.  Regional appeals (BP-10) must be received within 20 days of the . . . receipt of the DHO report.  This time includes mail time.
>
> 2.   DHO appeal of incident report from May 1998 and the sanctions imposed at that time is untimely.  You may appeal this rejection to Central Office.

(Docket entry #1-2, p. 8.)

4

On November 26, 2008, Petitioner submitted a Central Office Administrative Remedy Appeal (BP-11).  (Docket entry #1-2, p. 11.)  Concurring with the Regional Office, the Administrative Remedy Coordinator of the Central Office rejected the appeal on December 12, 2008.  (Id., p. 10.)

On December 19, 2008, Petitioner submitted a second Central Office Administrative Remedy Appeal raising the following grounds:

> Through no fault of my own, this untimely Administrative Remedy Request is being submitted on an incident and charge from May 1998.  I was a pre-trial inmate, however, I was treated as having been sentenced, with sanctions imposed accordingly.  The following should provide reasoning for my misunderstanding and delinquency:
>
> 1) I was not provided an interpreter, violating "due process" and my "civil rights."
> 2) 5270.07 Chapter 1 p. 56 – an initial hearing should have been held upon completion of the investigation.  This affords the opportunity to resolve issues before going to Administrative Remedy.
> 3) I was not advised of/or given the opportunity to utilize the Administrative Remedy Process.  A&O Page 48 2nd ¶.
> 4) Shortly after incarceration, I was to have been allowed two (2) collect phone calls to my family.  This was not allowed A&O page 2 ¶ 1.
> 5) I was not given the benefit of and "Admission and Orientation Presentation," informing me of the rules, procedures and schedules, concerning the operation of the institution A&O page 2 ¶ 1, See Wolff v. McDonnell, 418 U.S. 539 – protection of an individual against arbitrary actions of government.

(Docket entry #1-2, p. 12.)

On February 4, 2009, the Central Office rejected the second appeal as follows:

> 1. Your appeal is untimely. Regional Appeals (BP-10) must be received within 20 days of the . . . receipt of the DHO report. This time includes mail time.
>
> 2. We still concur with the region's rejection of this appeal.

(Docket entry #1-2, p. 13.)

## II.  DISCUSSION

A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994). The Habeas Rules require a habeas petition to specify all the grounds for relief, state the facts supporting each ground, state the relief requested, and be signed under penalty of perjury. See 28 U.S.C. § 2254 Rule 2(c), applicable to § 2241 petitions through Habeas Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); 28 U.S.C. § 2243. Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that

6

the petitioner is not entitled to relief." See 28 U.S.C. § 2254 Rule 4, applicable to § 2241 petitions through Habeas Rule 1(b).

B. Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions
>
> . . . .
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the loss of sentence-reducing good conduct time on constitutional grounds. See Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [and] requests for relief turning on circumstances of confinement may be presented in a § 1983 [or Bivens] action"); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991).

C. Administrative Exhaustion

Although 28 U.S.C. § 2241 contains no exhaustion requirement, "[o]rdinarily, federal prisoners are required to

7

exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241." Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); see also, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).

In Moscato v. Federal Bureau of Prisons, 98 F. 3d 757 (3d Cir. 1996), as in this case, Moscato filed a § 2241 petition challenging the loss of good conduct time imposed as a disciplinary sanction after the Central Office of the BOP had denied his disciplinary appeal as untimely.  The United States Court of Appeals for the Third Circuit determined that the failure to satisfy the time limits of the BOP's administrative remedy program constitutes a procedural default. Id. at 760. The Court held that if a prisoner has failed to exhaust administrative remedies due to a procedural default and the default renders unavailable the administrative process, review of his habeas claim is barred unless he can demonstrate cause for the failure to comply with the procedural requirement and actual prejudice resulting from the alleged constitutional violation. Id. at 761.

The Moscato Court explained that application of the cause and prejudice rule to habeas review of BOP proceedings insures that prisoners do not circumvent the agency and needlessly swamp the courts with petitions for relief, and promotes the following

goals of the exhaustion requirement: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  Moscato, 98 F. 3d at 761-62; see also Gambino, 134 F.3d at 171; Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988).

The "cause" standard requires a petitioner to show that some external objective factor impeded his or her efforts to comply with the procedural bar.  See Murray v. Carrier, 477 U.S. 478, 488 (1986).  Cause can be established by showing, for example, that the factual or legal basis for a claim was not reasonably available or that government interference made compliance with the procedural rule impracticable.[1]  But a procedural default caused by ignorance of the law or facts, or inadvertence short of constitutional ineffectiveness is binding on the habeas petitioner.  See Murray, 477 U.S. at 485-87.

---

[1] See United States v. Pelullo, 399 F. 3d 197, 223 (3d Cir. 2005) ("Examples of external impediments which have been found to constitute cause in the procedural default context include interference by officials, a showing that the factual or legal basis for a claim was not reasonably available to counsel, and ineffective assistance of counsel") (citations and internal quotation marks omitted); Johnson v. Pinchak, 392 F.3d 551, 563 (3d Cir. 2004) (noting that "cause" typically involves a novel constitutional rule, a new factual predicate, hindrance by the state court in complying with the procedural rule, or constitutionally ineffective counsel).

In this case, as in the Moscato case, nothing in the Petition or attached documentation shows cause for Petitioner's procedural default. Petitioner states that because he did not speak English in 1998, he didn't know that he had been sanctioned with the loss of good conduct time until two years later. See Pet., attachment, Docket entry 1-2, p. 3 ("The petitioner did not learn until 2 years after the fact that 14 days of GTC was taken from him. This was learned by being transferred to F.C.I. Ray Brook and receiving a computation time sheet, which was why his jail administrative sheet was untimely"). But this does not explain why Petitioner waited from 2000 until 2008 to challenge the disciplinary sanction. Moreover, a prisoner's inability to speak English is not sufficient to establish cause to excuse a procedural default. See Bastista v. U.S. Dep't of Justice, 129 Fed. App'x 724 (3d Cir. 2005) (finding that prisoner's inability to speak English did not constitute cause for procedurally defaulting disciplinary appeal); Bonilla v. Hurley, 370 F. 3d 494, 498 (6th Cir. 2004) (prisoner's lack of familiarity with English language did not establish cause for procedural default). This Court will accordingly dismiss the Petition because Petitioner procedurally defaulted his claims.

This Court, however, cannot rule out the possibility that Petitioner might have cause (for failing to appeal the 1998 sanction for 10 years) and prejudice, which are not set forth in

Petitioner's submissions, and that he might wish to raise these grounds to excuse the procedural default.  This Court will accordingly grant Petitioner 30 days to file a written statement establishing cause and prejudice to excuse his procedural default.  This Court will administratively terminate the case for statistical purposes, but will retain jurisdiction over the Petition during this 30-day period and reopen the file to consider Petitioner's arguments in the event that he raises them within this period.

### III. CONCLUSION

For the reasons set forth above, the Court dismisses the Petition for a Writ of Habeas Corpus without prejudice to Petitioner's filing of a written statement establishing cause and prejudice to excuse the procedural default.

                                     s/ Noel L. Hillman
                                  **NOEL L. HILLMAN, U.S.D.J.**

Dated: May 7, 2009

At Camden, New Jersey