UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDDY DELOS SANTOS, | **HON. NOEL L. HILLMAN** |
| Petitioner, | Civil No. 09-1285 (NLH) |
| v. | |
| J. GRONDOLSKY, | **MEMORANDUM OPINION** |
| Respondent. | |

This matter coming before the Court by way of Petitioner's motion [docket entry no. 4] for reconsideration of the Order [docket entry no. 3] dismissing the Petition for Writ of Habeas Corpus, and it appearing that:

1. On March 16, 2009, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the loss of 14 days good conduct time as a disciplinary sanction in May 1998 while he was confined at FCI Otisville as a pretrial detainee.

2. By Order and Opinion entered May 8, 2009, this Court dismissed the Petition because the face of the Petition and attachments showed that Petitioner procedurally defaulted relief available under the Bureau of Prisons' ("BOP") Administrative Remedy Program. The dismissal was without prejudice to Petitioner's filing, within 30 days of the date of the entry of the Order, a written statement showing cause and prejudice.

3. On May 28, 2009, Petitioner filed a motion for reconsideration. Petitioner lists nine reasons why he "waited from 2000 until 2008 to challenge the disciplinary sanctions." (Docket entry no. 4.) Petitioner states that from June 1999 to

2001, he was taken out of BOP custody on a writ and his personal property was lost, including his computation sheet. He asserts that in 2001, when he was returned to FCI Ray Brook, he pursued administrative relief seeking the return of his property so he would be able to contest the loss of good conduct time, but his property was not recovered. In 2003, Petitioner was transferred to FCI Loretto where a staff member told him that it was too late to challenge the loss of good conduct time. Petitioner asserts that he was transferred to FCI Fort Dix on June 5, 2008, where a staff member informed him that he could pursue administrative relief regarding the loss of good conduct time.

4. Petitioner has not shown why he failed to pursue administrative relief between May 1998 and June 1999. Moreover, Petitioner has not shown cause for the procedural default. See Opinion at pp. 9-10. Nor has Petitioner established prejudice.

5. This Court will dismiss the Petition with prejudice because Petitioner procedurally defaulted his challenge to the loss of good conduct time and he has not shown cause and prejudice.

6. An appropriate Order accompanies this Memorandum Opinion.

                                      s/NOEL L. HILLMAN
                                    **NOEL L. HILLMAN, U.S.D.J.**

Dated: October 23, 2009

At Camden, New Jersey